**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **RITA D. HUGHES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-1838-WTL-DML |
| | ) |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,**[1] | ) |
| | ) |
|     **Defendant.** | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Rita D. Hughes requests judicial review of the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Hughes' applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[2] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f).  At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence

---

[2] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case.  For the sake of simplicity, this Entry contains citations to DIB sections only.

2

of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

## II. BACKGROUND

Hughes protectively filed for DIB and SSI on March 6, 2014, alleging that she became disabled on May 23, 2013, primarily due to obesity, chronic lower back pain secondary to degenerative changes and multiple previous surgeries, and diabetes. Hughes was born on February 27, 1957, and was 56 years old on the alleged disability onset date. Hughes has a Bachelor's degree in social work, and has past relevant work as a casework supervisor, caseworker, and case manager.

Hughes' application was denied initially on June 4, 2014, and upon reconsideration on July 7, 2014. Thereafter, Hughes requested and received a hearing before an Administrative Law Judge ("ALJ"). A video hearing, during which Hughes was represented by counsel, was held by ALJ Julia D. Gibbs on March 24, 2015. The ALJ issued her decision denying Hughes' claim on June 20, 2015. After the Appeals Council denied her request for review, Hughes filed this timely appeal.

## III. THE ALJ'S DECISION

The ALJ determined that Hughes has met the insured status requirements of the Social Security Act through December 31, 2018. The ALJ determined at step one that Hughes had not engaged in substantial gainful activity since May 23, 2013, the alleged onset date. At steps two and three, the ALJ concluded that Hughes had the severe impairments of "obesity, chronic lower

3

back pain secondary to degenerative changes and multiple previous surgeries, and diabetes without evidence of diabetic retinopathy," Record at 27, and that the impairments more than minimally limited Hughes' ability to perform the full range of basic work activities and therefore were severe within the meaning of the Regulations. The ALJ found that Hughes did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925, and 416.926). At step four, the ALJ determined that Hughes had the Residual Functional Capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). R. at 28. Given this RFC, the ALJ determined that Hughes was capable of performing her past relevant work as a Caseworker Supervisor (Family) (D.O.T.#:195.137-010, sedentary, SVP 7, performed at medium), Caseworker (D.O.T.#:195.107-010, sedentary, SVP 7), and Case Manager (D.O.T.#:195-107-030, sedentary, SVP 7). Accordingly, the ALJ concluded that Hughes was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The relevant medical evidence of record is aptly set forth in Hughes' brief (Dkt. No. 15) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

Among other arguments, Hughes argues that the ALJ's credibility determination is inadequate. The Court agrees. Hughes testified that she could sit for fifteen to twenty minutes at a time, stand for ten to fifteen minutes at a time, and walk ten minutes at a time. Under the standard that was applicable at the time of the ALJ's decision, with regard to subjective

4

symptoms such as pain, if a claimant had a medically determinable impairment that was reasonably expected to produce pain, then the ALJ was required to evaluate the credibility of the claimant's testimony regarding the extent of that pain. "In determining credibility an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, *see* 20 C.F.R. § 404.1529(c); S.S.R. 96-7p,[3] and justify the finding with specific reasons." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). The regulations further provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2). "The determination of credibility must contain specific reasons for the credibility finding" and "must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (citing *Arnold v. Barnhart*, 473 F.3d 816, 822 (7th Cir. 2007)). In addition, "[a]lthough an ALJ's credibility determinations are generally entitled to deference, this Court has 'greater freedom to review credibility determinations based upon objective factors or fundamental implausibilities, rather than subjective considerations' such as the claimant's demeanor." *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016) (quoting *Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 354 (7th Cir. 2005)).

---

[3]S.S.R. 96-7p recently has been superseded by S.S.R. 16-3p, which the agency explained "eliminate[d] the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term" and "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character."

In this case, the ALJ determined that Hughes' "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 29. However, later in the opinion, the ALJ states, "the claimant's testimony that she is in pain is credible." R. at 30. No other mention of credibility is present, and the ALJ fails to provide any reasons for discounting Hughes' testimony. The ALJ simply gave no specific reasons for finding Hughes' testimony about her disabling symptoms not credible. Instead, the ALJ summarized the medical evidence of record (which contains substantial objective evidence regarding Hughes' spinal problem); found Hughes' testimony that she is in pain credible; and then made an RFC finding.

The problem with the ALJ's approach is that Hughes "*testified* that she is more limited [than the ALJ's RFC finding], and her testimony cannot be disregarded simply because it is not corroborated by objective medical evidence." *See Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015) (emphasis in original) (citations omitted). In this case, there is ample objective evidence that Hughes' back condition is severe, so it is not clear why the ALJ believed her testimony about her pain was inconsistent with that evidence. The ALJ did not give sufficient reason— indeed, any real reason—for discrediting Hughes. This was error that must be corrected on remand by applying S.S.R. 16-3p.[4]

---

[4] On remand, the ALJ also should consider the medical source statement of Dr. Lee and the September 15, 2015, statement submitted by treating physician Dr. Mackie.

6

## VI.    CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

**SO ORDERED: 3/2/17**

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.